UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
GABRIEL RAMIREZ CARABALLO,                         Docket No.

                                    Plaintiff,

        -against-                                                **COMPLAINT**

CITY OF NEW YORK, POLICE OFFICER JOHN.    *Jury Trial Demanded*
ALCANTARA (shield no. 31990) and POLICE OFFICER
CHRISTIAN BRACERO (shield no. 18148),

                                    Defendants.
-----------------------------------------------------------------------X

        Plaintiff, Gabriel Ramirez Caraballo, by and through his attorneys, HELD & HINES, LLP,

as and for his complaint against defendants City of New York, Police Officer John Alcantara, and

Police Officer Christian Bracero, states and alleges the following:

                            **PRELIMINARY STATEMENT**

1.      Plaintiff commences this action pursuant to 42 U.S.C. §1983 seeking compensatory

        and punitive damages for violating Plaintiff's constitutional rights while acting

        under color of law, together with reasonable attorney's fees and costs pursuant to

        42 U.S.C. §1988.

2.      As a result of each defendant's acts and omissions alleged herein, Plaintiff suffered

        loss of liberty, pecuniary damages, significant bodily injuries, as well as

        psychological and emotional injuries.

3.      In addition to his claims asserted against the defendants pursuant to 42 U.S.C §1983

        *et seq*., Plaintiff also asserts supplemental state law claims of (a) assault and battery;

        (b) false imprisonment; (c) unlawful stop; (d) intentional infliction of emotional

1

distress; (e) negligent infliction of emotional distress; and (f) negligent hiring, training, and supervision.

## JURISDICTION AND VENUE

4. This action is brought pursuant to 42 U.S.C. §§1983 and 1988, and the Fourth and Fourteenth Amendments to the Constitution of the United States of America.

5. This Court has subject matter jurisdiction over Plaintiff's federal claims pursuant to 28 U.S.C. §§1331, 1343(a)(3), and 1343(a)(4).

6. Venue in this Court is proper pursuant to 28 U.S.C. §1391(b)(2), as a substantial part of the events or omissions giving rise to this claim occurred within this judicial district.

## PARTIES

7. At all times hereinafter mentioned, Plaintiff Gabriel Ramirez Caraballo was a resident of the State of New York, County of Bronx.

8. At all times alleged here, defendant City of New York (hereinafter referred to as "City") was and remains a body corporate and politic, constituting a municipal corporation, duly organized and existing under and by virtue of the laws of the State of New York.

9. At all times alleged herein, defendant City maintained the New York City Police Department (hereinafter referred to as "NYPD") pursuant to law. The City assumed the risks incidental to the maintenance of a police force and the employment of police officers, including the defendant officers.

10. At all times alleged herein, defendant Police Officer John Alcantara and Police Officer Christian Bracero were police officers employed by the City and the NYPD.

2

At all times relevant to the facts of this complaint, said defendants were acting under color of law and within the scope of their employment, unless otherwise specified herein. Said defendants are sued in their individual and official capacities.

## CONDITIONS PRECEDENT

11. A Notice of Claim setting forth the basis of the claim, the time, place and manner in which it arose, and a description of injuries sustained by the Plaintiff herein was served upon defendant City within ninety days of the date of incident alleged herein.

12. At least thirty days have elapsed since the service of such notice and adjustment or payment thereof has been neglected or refused.

13. The City of New York conducted a statutory hearing of Plaintiff pursuant to Section 50-h of the General Municipal Law on July 17, 2025.

14. This action is commenced, including all applicable stays and tolls, within the applicable statute of limitations.

## STATEMENT OF FACTS

15. On February 12, 2025, at approximately 8:40 to 9:00 p.m., Plaintiff was lawfully operating his moped in the Bronx, New York.

16. While traveling, Plaintiff observed a marked NYPD police vehicle following him in an aggressive manner, in that, the NYPD police vehicle continued following closely behind him for at least eight minutes and turned whenever Plaintiff turned down streets, causing Plaintiff to become fearful for his safety. At no time did Plaintiff commit any traffic violations or engage in any unlawful conduct that would justify pursuit.

3

17. As Plaintiff approached 2425 Glebe Avenue on his moped, he noticed a car double parked ahead. The police vehicle suddenly accelerated and drove up on Plaintiff's left side, cutting him off. The police vehicle then jolted to a stop in front of Plaintiff and next to the double-parked car, boxing him in.

18. Immediately thereafter, defendant Alcantara (who was a passenger in the police vehicle), exited the police vehicle, grabbed Plaintiff by the neck, and warned Plaintiff to be careful if he moved. Defendant Alcantara then threw Plaintiff to the ground. When Plaintiff was on the ground, defendant Alcantara repeatedly struck him in the face and chest with closed fists and taunted him by continuously asking him, "do you like this?". Defendant Bracero, the driver, then exited the vehicle and punched Plaintiff in the face with closed fists. During these attacks, Plaintiff kept pleading to the officers not to kill him.

19. Once defendant Bracero finally stopped punching Plaintiff, defendant Alcantara took Plaintiff's moped keys and told Plaintiff to go look for them at the precinct. Defendants Bracero and Alcantara then left Plaintiff, who was laying on the ground bleeding from his lip, and drove off down the street.

20. After driving for about two blocks, defendants Bracero and Alcantara then circled back to Plaintiff, tossed Plaintiff his keys, and warned Plaintiff to "be careful" with what he was going to do now that the officers knew who he was. Defendants Bracero and Alcantara never arrested, handcuffed, nor ticketed Plaintiff, and never even asked Plaintiff for identification.

21. Plaintiff then called for an ambulance. Two different police officers arrived with the ambulance and took a statement from Plaintiff, after which he was transported to a hospital, where he received treatment for his injuries.

22. As a result of this unproved, unjustified, unlawful, and excessive use of force, Plaintiff suffered substantial pain in his teeth, lower back, right shoulder, and right ankle, and a bleeding laceration on his lip. Plaintiff later had to seek out physical therapy due to his ongoing physical pain.

23. Plaintiff also now suffers from psychological trauma from the incident, which causes him anxiety and difficulty sleeping.

## CLAIMS FOR RELIEF

### Count 1 – Unlawful Stop and Seizure Pursuant to 42 U.S.C. §1983
### (against defendants Alcantara and Bracero)

24. Plaintiff repeats and realleges the allegations set forth in the preceding paragraphs of this complaint as if fully set forth herein.

25. Defendants Alcantara and Bracero were both personally involved and committed an unlawful stop, in violation of the Fourth Amendment to the United States Constitution, when they cut Plaintiff off the road with their marked NYPD vehicle and forced Plaintiff to stop on his moped.

26. Defendant Alcantara further committed an unlawful stop and seizure when he grabbed Plaintiff by the neck, threw Plaintiff to the ground, and repeatedly struck Plaintiff in the face and chest with closed fists, which prevented Plaintiff from being able to leave and therefore resulted in Plaintiff being physically seized.

27. Defendant Bracero further committed an unlawful stop and seizure when he struck Plaintiff in the face repeatedly with closed fists, which also prevented Plaintiff from being able to leave and therefore resulted in Plaintiff being physically seized.

28. Defendants Alcantara and Bracero had no legitimate purpose to physically stop Plaintiff, and thus lacked reasonable suspicion and probable cause for his seizure. Defendants Alcantara and Bracero did not make any observations that would support articulable facts, rational inferences, or an objective basis to suspect that Plaintiff was committing any kind of legal wrongdoing.

29. Defendants Alcantara and Bracero clearly lacked reasonable suspicion for their illegal stop and seizure of Plaintiff, as Plaintiff was merely riding his moped at the time he was stopped and defendants Alcantara and Bracero never even asked Plaintiff for identification or any questions, nor arrested Plaintiff.

30. At no point in time did Plaintiff commit any observable crime or violation of the law, but defendants Alcantara and Bracero nevertheless forced Plaintiff to stop on his moped and started physically assaulting him for no reason.

31. It was objectively unreasonable for defendants Alcantara and Bracero to believe that reasonable suspicion existed to force Plaintiff to physically stop on his moped.

32. It was objectively unreasonable for defendants Alcantara and Bracero to believe that reasonable suspicion existed to physically seize Plaintiff and prevent him from leaving, by repeatedly striking him in the face and chest with closed fists.

33. The acts of defendants Alcantara and Bracero violated Plaintiff's clearly established rights to be free from unreasonable stops and seizures under the Fourth Amendment of the United States Constitution.

34. At the time of the incident, defendants Alcantara and Bracero were acting under the color of state law as NYPD officers and driving in a marked NYPD vehicle.

35. As a result of the foregoing, Plaintiff is entitled to an award of compensatory and punitive damages, and reasonable attorney's fees, together with costs, expert fees, and disbursements pursuant to 42 U.S.C. §1988.

**Count 2 - Excessive Force Pursuant to 42 U.S.C. §1983**
**(against defendants Alcantara and Bracero)**

36. Plaintiff repeats and realleges the allegations set forth in the preceding paragraphs of this complaint as if fully set forth herein.

37. The acts of defendants Alcantara and Bracero violated Plaintiff's clearly established rights to be free from the unreasonable and excessive use of force by a police officer under the Fourth Amendment of the United States Constitution.

38. It was objectively unreasonable for defendants Alcantara and Bracero to grab Plaintiff by the neck, throw him on the ground, and repeatedly strike him with closed fists because Plaintiff was not committing any crime or legal wrongdoing leading up to his illegal stop and attack. Further, Plaintiff did not pose an immediate threat to the safety of the officers and was not attempting to evade the officers by flight. Indeed, Plaintiff was lawfully riding his moped down the street when he was aggressively followed and targeted by defendants Alcantara and Bracero for no reason at all.

39. A reasonable officer at the scene would not have used such force as defendants Alcantara and Bracero did under the totality of these circumstances and would have known that the conduct of defendants Alcantara and Bracero violated Plaintiff's clearly established constitutional rights.

7

40.     At the time of the incident, defendants Alcantara and Bracero were acting under the color of state law as NYPD officers and driving in a marked NYPD vehicle.

41.     As a direct and proximate result of defendants' actions, Plaintiff suffered significant pain to his teeth, lower back, right shoulder, and right ankle, and had a bleeding laceration on his lip. Plaintiff also suffered psychological and emotional injuries, pain and suffering, shame, and embarrassment.

42.     As a result of the foregoing, Plaintiff is entitled to an award of compensatory and punitive damages, and reasonable attorney's fees, together with costs, expert fees, and disbursements pursuant to 42 U.S.C. §1988.

**Count 3 – Deliberate Indifference to a Serious Medical Condition Pursuant to 42 U.S.C. §1983 (against defendants Alcantara and Bracero)**

43.     Plaintiff repeats and realleges the allegations set forth in the preceding paragraphs as if fully set forth herein.

44.     After Plaintiff was violently attacked by defendants Alcantara and Bracero, he was suffering from an objectively serious medical condition, in that, he had a bleeding laceration on his lip and was experiencing extreme pain to his teeth, lower back, right shoulder, and right ankle. Further, Plaintiff was immediately transferred to a hospital for medical treatment following his violent attack and has had multiple follow up treatments at physical therapy since the incident.

45.     Plaintiff has had long-lasting pain in his lower back and right shoulder due to his violent attack to the point where it has affected his physical and daily activities. Indeed, since his attack, Plaintiff has had to cancel his gym membership and he

8

cannot lift heavy objects or play basketball because it causes him substantial physical pain.

46. The acts of defendants Alcantara and Bracero violated Plaintiff's clearly established rights under the Fourteenth Amendment of the United States Constitution.

47. Plaintiff was in urgent need of medical attention due to his extreme pain, but defendants Alcantara and Bracero acted with deliberate indifference in denying him medical treatment.

48. Defendants Alcantara and Bracero knew that Plaintiff was suffering from extreme pain and in urgent need of medical care, given that Plaintiff was visibly bleeding and pleaded with the officers not to kill him.

49. Defendants Alcantara and Bracero intentionally struck Plaintiff's face and chest with closed fists and caused him extreme pain for no reason at all, but recklessly failed to act with reasonable care to mitigate the health and safety risk posed to Plaintiff. Indeed, defendants Alcantara and Bracero threatened and warned Plaintiff not to seek help after Plaintiff was violently attacked and specifically told Plaintiff to "be careful" with what he was going to do now that the officers knew who Plaintiff was. Further, defendants Alcantara and Bracero threatened Plaintiff not to move while he was being violently attacked.

50. Defendants Alcantara and Bracero further acted with deliberate indifference when they left Plaintiff laying helpless on the road, who was visibly bleeding from his lip, and drove away with Plaintiff's moped keys.

9

51.    At the time of the incident, defendants Alcantara and Bracero were acting under the color of state law as NYPD officers and driving in a marked NYPD vehicle.

52.    As a result of the foregoing, Plaintiff is entitled to an award of compensatory and punitive damages, and reasonable attorney's fees, together with costs, expert fees, and disbursements pursuant to 42 U.S.C. §1988.

### Count 4 – Assault and Battery Pursuant to State Law
### (against defendants Alcantara, Bracero, and City of New York)

53.    Plaintiff repeats and realleges the allegations set forth in the preceding paragraphs of this complaint as if fully set forth herein.

54.    Defendant officers Alcantara and Bracero initiated nonconsensual contact with Plaintiff; intimidated and threatened Plaintiff; and assaulted and battered Plaintiff when they grabbed Plaintiff by the neck, threw him to the ground, and repeatedly asked him if he "liked it" while the officers were striking him in the face and chest with closed fists.

55.    The acts of defendants Alcantara and Bracero were done without Plaintiff's consent and caused Plaintiff to be in reasonable apprehension of imminent harmful contact, which is evidenced by his plea to the officers during the attack: "don't kill me".

56.    The physical use of force by defendants Alcantara and Bracero was completely unreasonable and legally unjustified, as Plaintiff was doing nothing more than lawfully riding his moped at the time when he was aggressively followed, targeted, and physically attacked by the defendants.

57.    As a direct and proximate result of defendants Alcantara and Bracero intentionally and offensively striking Plaintiff in the face and chest with closed fists, he suffered significant pain to his teeth, lower back, right shoulder, and right ankle, and had a

bleeding laceration on his lip. Plaintiff also suffered psychological and emotional injuries, pain and suffering, shame, and embarrassment.

58. At the time defendants Alcantara and Bracero stopped Plaintiff, they had no reasonable suspicion or probable cause to believe he was doing anything unlawful, making their use of force completely unjustified.

59. Insomuch as defendants Alcantara and Bracero were acting for, upon, and/or in furtherance of the business of their employer and/or within the scope of their employment, defendant City of New York is liable under the doctrine of *respondeat superior* for the tortious actions of each defendant officer.

60. As a result of the foregoing, Plaintiff is entitled to an award of compensatory damages and punitive damages, and reasonable attorney's fees, together with costs, expert fees, and disbursements.

**Count 5 – False Imprisonment Pursuant to State Law**
**(against defendants Alcantara, Bracero, and City of New York)**

61. Plaintiff repeats, reiterates, and realleges each and every allegation contained in the preceding paragraphs of this complaint as if fully set forth herein.

62. Defendants Alcantara and Bracero intended to confine Plaintiff when they grabbed Plaintiff by the neck, pulled him off his moped, threatened him not to move, and violently attacked him, all of which prevented him from being able to leave.

63. Plaintiff did not consent to the confinement, as he pled to the officers not to kill him.

64. Plaintiff's confinement was not otherwise privileged.

65. At the time defendants Alcantara and Bracero stopped Plaintiff, they had no reasonable suspicion or probable cause to believe he was doing anything unlawful.

11

66.   Insomuch as defendant Alcantara and Bracero were acting for, upon, and/or in furtherance of the business of their employer and/or within the scope of their employment, defendant City of New York is liable under the doctrine of *respondeat superior* for the tortious actions of each defendant officer.

67.   As a result of the foregoing, Plaintiff is entitled to an award of compensatory damages and punitive damages, and reasonable attorney's fees, together with costs, expert fees, and disbursements.

**Count 6 – Unlawful Stop and Seizure Pursuant to State Law**
**(against defendants Alcantara, Bracero, and City of New York)**

68.   Plaintiff repeats, reiterates, and realleges each and every allegation contained in the preceding paragraphs of this complaint as if fully set forth herein.

69.   As alleged herein, defendants Alcantara and Bracero unlawfully stopped and seized Plaintiff when they forced him to stop on his moped, grabbed his neck, threw him on the ground, and struck him repeatedly with closed fists in the face and chest, which prevented him from being able to leave.

70.   The actions of defendants Alcantara and Bracero were intentional and without legal cause, justification, or privilege.

71.   Insomuch as defendants Alcantara and Bracero were acting for, upon, and/or in furtherance of the business of their employer and/or within the scope of their employment, defendant City of New York is liable under the doctrine of *respondeat superior* for the tortious actions of each defendant officer.

72.   As a result of the foregoing, Plaintiff sustained physical, psychological and emotional injuries, pain and suffering, shame, and embarrassment.

73.    As a result of the foregoing, Plaintiff is entitled to an award of compensatory damages, punitive damages, and reasonable attorney's fees, together with costs, expert fees, and disbursements.

**Count 7 - Intentional Infliction of Emotional Distress Pursuant to State Law**
**(against defendants Alcantara, Bracero, and City of New York)**

74.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in the preceding paragraphs of this complaint as if fully set forth herein.

75.    Defendants Alcantara and Bracero engaged in extreme and outrageous conduct.

76.    Defendants Alcantara and Bracero intended to cause Plaintiff severe emotional distress, which is evidenced by the fact that they taunted him while violently assaulting him, stating things such as: "do you like this?".

77.    The conduct of defendants Alcantara and Bracero was so extreme and unacceptable that it went far beyond the limits of basic decency and was intolerable in a civilized society.

78.    There is a causal connection between the conduct of defendants Alcantara and Bracero violently assaulting Plaintiff for no legitimate purpose and Plaintiff's severe emotional distress and psychological injuries.

79.    Plaintiff has suffered severe emotional distress as a result of defendants' conduct, including anxiety, fear of police officers, and sleep disturbances, requiring psychological treatment.

80.    Insomuch as defendants Alcantara and Bracero were acting for, upon, and/or in furtherance of the business of their employer and/or within the scope of their employment, defendant City of New York is liable under the doctrine of *respondeat superior* for the tortious actions of each defendant officer.

13

81. As a result of the foregoing, Plaintiff is entitled to an award of compensatory damages, punitive damages, and reasonable attorney's fees, together with costs, expert fees, and disbursements.

**Count 8 - Negligent Infliction of Emotional Distress Pursuant to State Law**
**(against defendants Alcantara, Bracero, and City of New York)**

82. Plaintiff repeats, reiterates, and realleges each and every allegation contained in the preceding paragraphs of this complaint as if fully set forth herein.

83. For the purposes of this cause of action, Plaintiff permissibly pleads in the alternative that defendants Alcantara and Bracero acted unintentionally (and negligently) when they used their marked NYPD vehicle to cut Plaintiff off from his left hand side and forced him to stop abruptly, and when they struck him repeatedly with his closed fists for "running".

84. The conduct of defendants Alcantara and Bracero unreasonably endangered Plaintiff's physical safety, caused Plaintiff to fear for his safety, and caused Plaintiff to suffer severe emotional distress. Defendants' conduct was a substantial factor in causing Plaintiff's emotional distress.

85. Plaintiff has experienced anxiety, fear of police officers, and sleep disturbances as a result of the incident.

86. Insomuch as defendants Alcantara and Bracero were acting for, upon, and/or in furtherance of the business of their employer and/or within the scope of their employment, defendant City of New York is liable under the doctrine of *respondeat superior* for the tortious actions of each defendant officer.

87. As a result of the foregoing, Plaintiff is entitled to an award of compensatory damages, punitive damages, and reasonable attorney's fees, together with costs, expert fees, and disbursements.

## Count 9 - Negligent Hiring, Training, and Supervision Pursuant to State Law
### (against defendant City of New York)

88. Plaintiff repeats and realleges the allegations set forth in the preceding paragraphs of this complaint as if fully set forth herein.

89. The offenses alleged herein resulted, in whole or in part, due to the failure of defendant City of New York to employ qualified persons for positions of authority, and/or to properly or conscientiously train and supervise the conduct of such persons during their employment.

90. Defendant City was negligent in its hiring, training, retention, supervision, direction, control, appointment and/or promotion of their employees, agents and/or servants, including but not limited to defendants Alcantara and Bracero.

91. Defendant City knew or should have known, in the exercise of reasonable care, the propensities of defendants Alcantara and Bracero to engage in the wrongful conduct alleged herein.

92. Defendant City was negligent, careless and reckless in its screening, hiring, training, retention, supervision, direction, control, appointment and promotion of its agents, servants and employees, including but not limited to the defendant officers, in that said employees lacked the experience and ability to be hired by the said defendant; in failing to exercise due care and caution in their screening, hiring, appointment and promotion practices, and in particular, hiring these individuals who lacked the mental capacity and ability to function on behalf of said defendant;

15

in that these individuals lacked the temperament, ethics, maturity, sensibility and intelligence to function on behalf of said defendant; in that said defendant knew of the lack of temperament, ethics, ability, experience and maturity of these individuals when it hired them; knew of the propensities of these individuals to act in the belligerent, aggressive, violent and illegal manner in which they did; in that said defendant, its agents, servants and/or employees, failed to supervise, train, suspend and/or terminate these individuals when such action was either proper or required; and in being otherwise careless, negligent and reckless in the instance.

93. The failure of defendant City to adequately train its agents, servants and employees in the reasonable exercise of their job duties and the laws of the United States of America, the State of New York, and the rules and regulations of the City of New York, is evidence of the defendant City's reckless lack of cautious regard for the rights of the public in general and Plaintiff in particular, and exhibited a lack of that degree of due care which reasonable and prudent individuals would show under the same or similar circumstances.

94. Plaintiff permissibly pleads in the alternative that, for the purposes of this cause of action, defendants Alcantara and Bracero were acting outside the scope of their employment when they illegally stopped Plaintiff and violently attacked him, in that, they did so in furtherance of personal interests and reasons not related to their employment.

95. The defendant officers' negligent acts and omissions, as set forth above, were the reasonably foreseeable consequence of defendant City's negligent conduct.

16

96. The aforesaid acts and omissions of defendant City, its agents, servants and employees, resulted in the Plaintiff's rights being violated and him being injured.

97. As a result of the conduct complained of herein, Plaintiff suffered the damages alleged.

98. As a result of the foregoing, Plaintiff is entitled to an award of compensatory damages, reasonable attorney's fees, together with costs, expert fees, and disbursements.

## JURY DEMAND

Plaintiff hereby demands a trial by jury for all issues in this matter.

## RELIEF

Plaintiff hereby requests the following relief, jointly and severally:

a. An award of compensatory damages against all defendants in an amount to be determined at trial;

b. An award of punitive damages against the non-municipal defendants in an amount to be determined at trial;

c. An award of attorney's fees, expert's fees, costs and disbursements against all defendants; and

d. Such other and further relief as this Court deems just and proper.

Dated: New York, New York
April 28, 2026

Yours, etc.,

**HELD & HINES, LLP**

_____/s/    Carissa Caukin
CARISSA CAUKIN, ESQ.
*Attorney for Plaintiff*
622 Third Avenue, Suite 600

17

New York, New York 10017
(212) 646-4529
ccaukin@heldhines.com